IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TEVIN WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>STEVEN C. CAMPBELL, *et al.*,<br>    Defendants. | Case No. 3:25-cv-03129-JEH |

### Order

    Plaintiff Tevin Williams, proceeding *pro se* and currently incarcerated at Hill Correctional Center ("Hill"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center ("Graham"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against prison officials at Graham, including Warden Steven C. Campbell, Correctional Officer Donald T. Renfro, and Safety and Security Officer Joshua A. Kozak.

On October 27, 2023, Defendant Renfro allegedly approached Plaintiff's cell and harassed him because Plaintiff complained about wanting to empty the trash in his cell. Defendant Renfro allegedly told Plaintiff "you all are used to trash you'll be okay." (Doc. 1 at p. 3). Plaintiff asked for a grievance, but Defendant Renfro denied his request. Plaintiff then began kicking the door of his cell out of frustration.

When Defendant Kozak arrived at Plaintiff's cell, Plaintiff informed him about Defendant Renfro's alleged misconduct. Defendant Kozak opened Plaintiff's cell door and placed him in handcuffs. While escorting Plaintiff to segregation, Defendant Kozak allegedly grabbed Plaintiff and slammed him into the wall, causing a painful contusion over his left eye. Plaintiff does not indicate if other prison officials were present when the alleged incident occurred. Upon his arrival in segregation, Plaintiff requested medical attention and grievance forms, but unidentified staff members allegedly denied his requests.

On October 28, 2023, Plaintiff received disciplinary tickets from Defendant Kozak for "threats and intimidation" and Defendant Renfro for "damage/misuse of property" and "insolence." *Id.* at pp. 3, 7-9.

An Adjustment Committee hearing was held on October 30, 2023. Plaintiff pleaded not guilty. Plaintiff states he informed the Adjustment Committee's Chairperson, Steven Major, that inmates are always found guilty no matter what misconduct correctional staff engaged in. Chairperson Major allegedly told Plaintiff, "[T]hat is correct we are trained to do this." *Id.* at p. 4. Plaintiff alleges he

2

sent a letter to Defendant Warden Campbell regarding Defendants Kozak's and Renfro's false accusations. *Id.* at p. 10.

The Adjustment Committee found Plaintiff guilty of the disciplinary charges and imposed one month C-Grade, twenty-eight days in segregation, a disciplinary transfer, and one month of commissary restriction. *Id.* at p. 13. Defendant Warden Campbell concurred with the Adjustment Committee's findings. *Id.* at p. 14.

On November 15, 2023, Plaintiff was transferred to Menard Correctional Center ("Menard"), a maximum-security facility, and placed in segregation. Plaintiff was released from segregation on November 21, 2023. Plaintiff does not indicate if his disciplinary charges were expunged.

On December 10, 2023, Plaintiff received his personal property from Graham. Plaintiff alleges his television, tablet, fan, headphones, and lamp were broken. Plaintiff alleges unidentified staff members at Graham intentionally damaged his property. Plaintiff states he submitted grievances about his damaged property but did not receive a response.

Plaintiff alleges he wrote a letter to Defendant Warden Campbell, who turned a blind eye to his staff's misconduct. Plaintiff claims that Defendant Campbell was aware of the assault and harassment by Defendants Kozak and Renfro, his damaged property, and false disciplinary charges, but Defendant Campbell failed to intervene to protect Plaintiff.

On March 19, 2025, Plaintiff was transferred from Menard to Hill.

## II

### A

To proceed on a claim of excessive force, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison

officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). The Court finds that Plaintiff has stated an Eighth Amendment excessive force claim against Defendant Kozak, who allegedly grabbed him and slammed him into a wall, causing a contusion over his left eye, on October 27, 2023.

**B**

Plaintiff alleges Defendants Renfro and Kozak filed false disciplinary charges against him, which resulted in a guilty verdict. The discipline imposed included one month C-Grade, twenty-eight days in segregation, a disciplinary transfer, and one month of commissary restriction.[1] The review of a procedural due process claim requires a two-part analysis: whether the plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents

---

[1] Plaintiff does not assert that he lost good time credits as a result of his disciplinary ticket. Plaintiff is advised that it he did lose good time credits, he would not be able to proceed with a due process claim unless he could demonstrate the disciplinary ticket was overturned. *See Heck v. Humprey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

4

of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Merely placing a prisoner in segregation does not amount to an atypical or significant change in circumstances. *Lekas v. Briley*, 405 F.3d 602, 607-11 (7th Cir. 2005). "[A] liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original) (characterizing up to 90 days in segregation a relatively short period, depending on the conditions imposed); *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997).

Here, Plaintiff does not describe the conditions in segregation at Graham or Menard. He pleads only that he was placed in segregation for twenty-five days from October 27, 2023, to November 21, 2023. This is not enough to state a due process claim. *See Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). Plaintiff also alleges a disciplinary transfer was imposed as part of his punishment and he was transferred from Graham to Menard, a maximum-security facility, on November 15, 2023. Plaintiff does not allege that the disciplinary charges or transfer occurred based on a retaliatory motive. Even assuming the disciplinary tickets were fabricated, no federal protected liberty interest has been implicated based on Plaintiff's allegations. The punishments Plaintiff suffered because of his disciplinary conviction (demotion in status, segregation, transfer, and commissary restrictions) raise no due process concerns. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary segregation); *Thomas v. Ramos*, 130 F.3d 754, 761–62 & n. 8 (7th Cir. 1997) (temporary segregation and demotion to C-grade status); *Cochran v. Buss,* 381 F.3d 637, 641 (7th Cir. 2004) (transfer)).

Plaintiff asserts that Defendant Warden Campbell turned a blind eye to his staff's misconduct, but Defendant Campbell cannot be liable based only on his supervisory position as Warden, as there is no *respondeat superior* liability under § 1983. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Plaintiff does not allege that Defendant Campbell was personally involved in any constitutional violation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Therefore, Defendants Campbell and Renfro are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(b) and § 1915A.

## C

Finally, Plaintiff claims that unidentified staff members at Graham damaged his personal property. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim." *Cason v. Hare*, No. 19-CV-00885-JPG, 2019 WL 6054823, at *2 (S.D. Ill. Nov. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). "[T]he Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of

Claims." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020) (quoting *Cason*, 2019 WL 6054823, at *2) (internal citations omitted).

**IT IS THEREFORE ORDERED:**

1)    According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment excessive force claim against Defendant Joshua A. Kozak based on allegedly grabbing Plaintiff and slamming him into a wall, causing a contusion over Plaintiff's left eye, on October 27, 2023. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    Defendants Steven C. Campbell and Donald T. Renfro are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Campbell and Renfro.

3)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)    The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and

the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: May 16, 2025

s/Jonathan E. Hawley
U.S. District Judge